Conviction for robbery; punishment, five years in the penitentiary.

The record is here without bills of exception. The only contention is that the evidence does not justify and support the judgment. The evidence has been carefully examined. There seems no question from the testimony of appellant himself but that he went with another man and carried out his part of a program which resulted in the robbery alleged, and that appellant was present and performing such part at the time the other man with a pistol held up and robbed the alleged injured party. The defensive theory, supported to some extent by the appellant's testimony, as we gather it from the lengthy rambling statement made by him on the trial, was that he was coerced by said other party and compelled to act with him in the committing of said robbery. This raised a question of fact for the jury, the law of which question was submitted to the jury in the charge of the court in a manner acceptable to the accused. The jury have resolved this question against appellant, and we see no reason for disturbing their verdict.

No error appearing, the judgment will be affirmed.

HAWKINS, J., absent.

## Clifford HAMILTON, alias Jack O'Neil, v. STATE.

### No. 14014.

Court of Criminal Appeals of Texas.

Nov. 12, 1930.

Henry Houston Jones, of Austin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Theft by conversion is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

There are no complaints of the action of the trial court in the introduction of evidence or instruction to the jury. It is stated in the motion for new trial that the evidence is insufficient. This court is not informed as to

what evidence was before the court, as no statement of facts accompanies the record.

The judgment is affirmed.

HAWKINS, J., absent.